IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

TRACI MIDDLEBROOKS, individually     *
and as Personal Representative
of the Estate of Rodney Burke,       *
Jr.,
                                     *
    Plaintiff,
                                     *
vs.                                       CASE NO: 4:08-CV-54 (CDL)
                                     *
JOHNSON & JOHNSON COMPANY,
JANSSEN PHARMACEUTICA PRODUCTS,      *
L.P., and ALZA CORPORATION,
                                     *
    Defendants.
                                     *

O R D E R

This case, which has been removed to this Court, arises from the tragic death of nineteen-year-old Rodney Burke, Jr. On May 9, 2008, Plaintiff filed a motion seeking to have the case remanded to state court (Doc. 8). For the following reasons, Plaintiff's motion is denied.[1]

BACKGROUND

Plaintiff Traci Middlebrooks, Mr. Burke's mother and the personal representative of his estate, alleges that the Duragesic transdermal patch manufactured and marketed by Defendants Johnson & Johnson Co., Janssen Pharmaceutica Products, and Alza Corp. (collectively, "Defendants") was defective. This defect allegedly

---

[1] Plaintiff also sought a hearing on her motion. Since the issues are clearly articulated in the parties' briefs, the Court finds a hearing unnecessary.

1

caused Mr. Burke to receive a fatal overdose of fentanyl, a powerful painkiller.

On May 11, 2007, Plaintiff filed the present action in the Superior Court of Muscogee County, seeking recovery under theories of (1) strict liability for defective manufacture, design, and failure to warn (Compl. ¶¶ 46-62); (2) negligence (Compl. ¶¶ 63-75); (3) breach of express warranty (Compl. ¶¶ 76-83); (4) breach of implied warranty (Compl. ¶¶ 84-91); (5) fraudulent concealment and suppression (Compl. ¶¶ 92-96); (6) wrongful death (Compl. ¶¶ 97-106); and (7) wanton and willful conduct (Compl. ¶¶ 107-109). Plaintiff seeks compensatory and punitive damages as well as costs and attorney fees. Notably absent from Plaintiff's Complaint is the specific amount of damages sought by Plaintiff.

Defendants filed their answer in Muscogee County Superior Court on June 18, 2007. On June 29, 2007, Defendants served Plaintiff with requests for admission. Among these requests, Defendants asked Plaintiff to "[a]dmit that the value of the damages sought by you in this action exceeds the sum of $75,000, exclusive of interests and costs." (Ex. 4 to Defs.' Notice of Removal 4.) On July 27, 2007, Plaintiff responded to Defendants' requests by stating, "We respectfully refer you to the Complaint filed on May 11, 2007." (*Id.*)

Defendants thereafter asked Plaintiff to respond to the requests in accordance with O.C.G.A. § 9-11-36; Plaintiff declined to supplement its responses, asserting that the amount in controversy

2

was "readily deducible" from the face of the Complaint.  (*See, e.g.,* Ex. B to Ex. 7 to Defs.' Notice of Removal.)  On October 11, 2007, Defendants filed a motion to have their requests deemed admitted, and on April 1, 2008, the Superior Court held a hearing on the motion.

At the April 1 hearing, Plaintiff unambiguously admitted that she was seeking damages in excess of $75,000.  (*See* Hr'g Tr. 24:4-12, Apr. 1, 2008.)  Defendants filed their notice of removal to this Court on April 29, 2008.  Contending that Defendants' notice of removal was untimely, Plaintiff filed her pending motion to remand.  The Court finds Defendants' removal timely and thus denies Plaintiff's motion to remand.

## DISCUSSION

28 U.S.C. § 1441 generally permits defendants to remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  28 U.S.C. § 1446 provides that the defendant

> shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

*Id.* § 1446(a).  In most cases, the notice of removal must be filed within thirty days after the defendant is served with the complaint.  *See id.* § 1446(b).  However,

3

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable[.]

*Id.*

The defendant bears the burden of establishing that federal jurisdiction exists when the defendant seeks to remove a case to federal court. *See, e.g., Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The defendant seeking removal on the basis of diversity jurisdiction must therefore establish diversity of citizenship as well as an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). To meet this burden, a defendant must do more than simply proffer "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion[.]" *Williams*, 269 F.3d at 1319-20. "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal *unambiguously* establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) (emphasis added).

When the complaint does not specify a particular amount of damages, it becomes more difficult for the removing party—and the court—to determine whether the amount in controversy requirement has been met. Despite this difficulty, the Eleventh Circuit recently

4

reaffirmed that even "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208. The *Lowery* court attempted to clarify how a defendant could meet its burden, concluding that

> the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand.

*Id.* at 1211.

In this case, Plaintiff does not dispute that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. Instead, Plaintiff contends that Defendants' notice of removal was untimely because it was "readily deducible" from the face of her Complaint that she was seeking damages in excess of $75,000; thus, Defendants should have removed this case within thirty days from the date they were served with the Complaint.

Defendants acknowledge that their notice of removal was not filed within thirty days of service of the Complaint. However, Defendants contend that the transcript of the April 1, 2008 hearing was the first "other paper" from which they could ascertain that Plaintiff was, in fact, seeking damages in excess of $75,000. *See* 28 U.S.C. § 1446(b). Therefore, Defendants contend their notice of

5

removal was timely because it was filed within thirty days of the April 1 hearing. The Court agrees.

*Lowery* made clear that the removing party not only bears the burden to prove, by a preponderance of the evidence, the amount in controversy; the removing party also bears the burden to comply with Federal Rule of Civil Procedure 11 when filing a notice of removal. The court stated:

> We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us—where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice—without seriously testing the limits of compliance with [Federal Rule of Civil Procedure] 11.

*Lowery*, 483 F.3d at 1213 n.63. Plaintiff's position—that it was "readily deducible" from her complaint that the amount in controversy exceeded the statutory limits—is untenable in light of *Lowery*.[2] Defendants in this case heeded the Eleventh Circuit's warning and intentionally refrained from filing a notice of removal until they could meet their burden of proving, by a preponderance of the evidence, that removal was appropriate. *See, e.g., id.* (noting that in the absence of "other paper" providing grounds for removal, "the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith"). From the outset of this case, Defendants sought an unambiguous statement from the Plaintiff

---

[2]The Court observes that Plaintiff's Complaint does not mention that her son was only nineteen years old.

6

regarding the amount in controversy, but it was not until the April 1, 2008 hearing that the Plaintiff provided Defendants with an unambiguous statement regarding the value of her claim. Thus, the time for filing a notice of removal did not begin to run until April 1, 2008. Since Defendants filed their notice of removal within thirty days of this date, the Court finds Defendants' notice of removal timely.[3]

The Court hastens to add, however, that its decision should not be construed as requiring a pleading to contain an *ad damnum* clause stating that a plaintiff seeks damages in excess of $75,000 before a defendant may seek removal. It may still be "readily deducible" from a complaint for unspecified damages that the amount in controversy exceeds $75,000. *See, e.g., Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (affirming removal when plaintiff sought unspecified amount of back pay, front pay, and compensatory and punitive damages, but defendant was able to calculate amount of back pay in excess of $75,000 by referring to plaintiff's tax forms). The Court simply finds that in this particular case, it was not "readily deducible" from the Complaint that Plaintiff sought damages

---

[3] The *Lowery* court specifically disapproved of a removing party's attempt to prove the amount in controversy by simply pointing to evidence that juries in similar cases had awarded amounts in excess of the statutory minimum. *Lowery*, 483 F.3d at 1220-21 (disapproving of the use of evidence "gathered from outside sources" because such "evidence is not of the sort contemplated by § 1446(b)"). Prior to Plaintiff's admission that the amount in controversy exceeded the statutory minimum, it is therefore unclear how Defendants would have proved the amount in controversy by a preponderance of the evidence.

7

in excess of the statutory minimum. Accordingly, Plaintiff's motion to remand is denied.

## CONCLUSION

For the reasons stated herein, the Court denies Plaintiff's Emergency Motion to Remand and for Expedited Hearing (Doc. 8).

IT IS SO ORDERED, this 26th day of August, 2008.

                                          S/Clay D. Land
                                               CLAY D. LAND
                                UNITED STATES DISTRICT JUDGE